■ In the Matter of CLYDE A. DOTY, Appellant, v LORI P. DOTY, Respondent.—Harvey, J.

Petitioner and respondent were married in 1981 in Virginia. The only child of the marriage, Jamie E. Doty, was born March 3, 1982 in New Hampshire. After living in Maine for approximately two years, the family moved to New York in June 1985. Marital discord developed and, in November 1985, when it appeared respondent was about to leave the State with the child, petitioner obtained a temporary order of custody.

A full hearing on the issue of child custody was held before Family Court in March 1986. After hearing the conflicting testimony of the parties and the witnesses which were called, the court granted respondent custody with liberal visitation rights for petitioner. This appeal ensued.

Petitioner contends that the award of physical custody of the child to respondent was not in the best interest of the child. In cases involving disputes over custody of a child, the findings of the trial court are accorded the greatest respect *(Eschbach v Eschbach,* 56 NY2d 167, 173). This court is reluctant to substitute its judgment for that of the court which heard the witnesses and evaluated the conflicting testimony *(Matter of Estes v Estes,* 112 AD2d 568). Here, Family Court found the evidence presented by respondent to be more credible. This determination was consistent with the recommendation of the Law Guardian that respondent be awarded custody. We have found nothing in the record to justify altering the custody order.

Petitioner's further contention that his application should be granted since respondent and the child have moved to Maine is meritless. This is not a case of child snatching *(see, Matter of Nehra v Uhlar,* 43 NY2d 242) or fleeing the jurisdiction to frustrate the visitation rights of the noncustodial parent *(see, Courten v Courten,* 92 AD2d 579). Here, it was evident at the time of the hearing that respondent would return with the child to her family in Maine. Indeed, Family Court acknowledged this in its decision and in discussing possible visitation rights. Furthermore, a majority of the child's life prior to moving to New York in June 1985 had been spent in Maine. Petitioner has failed to show how it would be in the best interest of the child to alter the current custody arrangement *(see, Clarke v Clarke,* 101 AD2d 911).

Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.