■ In the Matter of DONALD R. HARVEY, Respondent, v LAURIE J. ROSELLE (SWAN), Appellant.—Order unanimously affirmed, without costs, in accordance with the following memorandum: Family Court, after a full evidentiary hearing, granted custody of the parties' child to petitioner. Family Court's determination was based on respondent's immoral conduct, her defiance of legal process, her denial of petitioner's visitation rights and one instance of improper child care and supervision. While such factors are to be given appropriate consideration in determining custody *(Matter of Nehra v Uhlar,* 43 NY2d 242, 248-251), the ultimate test is the best interests of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171). In affirming, we, therefore, make the following additional findings of fact (CPLR 5712 [b]). Petitioner has provided his son with parental guidance and an appropriate home environment. A strong relationship has developed between the child and his father, stepmother, and grandparents, which would be severely disrupted if the child moved to Virginia with respondent. A clear preference was expressed by the child to remain with petitioner. Granting custody to petitioner would continue this long-standing stable custody arrangement and coincides with the preference of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94). Favoring respondent's custody claim is the important consideration of reuniting the child with his half brothers and half sister *(Eschbach v Eschbach, supra,* p 173). However, weighing these diverse factors, it is in the child's best interests that custody be granted to petitioner. (Appeal from order of Cattaraugus County Family Court, Horey, J.—custody.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.