■ In the Matter of DEBORAH LAICI, Appellant, v JAMES L. BALDWIN, Respondent.—Order affirmed without costs. Memorandum: The court's award of custody to respondent father has a substantial basis in the record. Findings of the trial court should be accorded great weight and we are reluctant to substitute our judgment for that of the court, which heard the witnesses, evaluated their testimony and observed the parties *(Matter of Yeo v Cornaire,* 91 AD2d 1153, 1154, *affd* 59 NY2d 875; *see also, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Doty v Doty,* 124 AD2d 323, 324).

The trial court considered the stability of respondent's home, his financial standing and the parental guidance and discipline provided by respondent. These are appropriate considerations in guiding the court in determining what is in the best interests of the children *(see, Matter of Harvey v Roselle,* 125 AD2d 997).

All concur, except Callahan, J. P., and Doerr, J., who dissent and vote to reverse in the following memorandum.

Callahan, J. P., and Doerr, J. (dissenting). We must dissent. In our view, the court's award of custody to respondent father is not supported by the record. We would reverse and award custody of these children to petitioner mother.

The parties were married in 1980 and two children were born of the marriage: Jacob, born December 21, 1980, and

Sarah, born December 24, 1981. During the marriage, petitioner was the primary breadwinner. Repeated episodes of abuse of petitioner by respondent are documented. The couple separated in 1982 and shortly thereafter, respondent moved in with another woman, who he later married. The parties were not divorced until 1985.

In 1984, custody of the parties' two children was placed with the Department of Social Services based on a finding by the court that both parties had failed to provide for the children. Social workers assisting the family worked out a joint custody arrangement, with each parent having custody of the children for alternating two-weeks periods. In April 1986, petitioner commenced this proceeding seeking sole custody of the children and respondent cross-petitioned for custody. At the hearing, two caseworkers testified that during the time of their involvement with the family, petitioner had shown more progress in bettering her life situation than had respondent, who had failed to maintain stable employment. Both social workers recommended that custody should be placed with the petitioner. A psychologist who had interviewed the parties, the children, petitioner's boyfriend and respondent's wife testified that respondent refused to take part in any psychological testing, but petitioner had cooperated fully. Although he found that neither parent had "tremendous parenting skills", in his opinion, petitioner was best able to meet the children's needs and should have custody of them. Respondent wasn't prepared to work with the children on their problems, nor did he express love to them. The Law Guardian also recommended that custody go to petitioner because, in her opinion, respondent was too emotionally rigid and less likely to seek help for the children, as well as more likely to interfere with petitioner's visitation with the children.

A report authored by a psychologist who had also interviewed the parties, the children, petitioner's boyfriend and respondent's wife was admitted into evidence, although the psychologist did not testify at the hearing. The report recommended that custody go to respondent because respondent and his wife exhibited the most stable living arrangement in the last two years, but the report further noted that respondent had refused to undergo any psychological diagnosis "even when it was presented as being beneficial to the psychological welfare of the children".

The court awarded custody to respondent, basing this determination on the fact that respondent's present situation was more stable by virtue of his marriage and the employment of

his current spouse. Although stability of environment is one factor affecting the best interests of the children *(Eschbach v Eschbach,* 56 NY2d 167, 172), other factors should be considered and no one factor should be dispositive *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94). In the present case, respondent's stability was not of his own making. He remained unemployed for the most part. The home in which he lived and his improved financial condition are attributable to the efforts of his present wife. Petitioner, on the other hand, had worked to better her situation through her own efforts by attending college and remaining gainfully employed, albeit at different jobs. Moreover, the overwhelming proof at the hearing demonstrates that petitioner is best able to provide for the emotional development of the children and to give them love. Further, the record supports the conclusion that petitioner, if she were the custodial parent, would be much more willing to encourage contact with the noncustodial parent than would respondent *(Bliss v Ach,* 56 NY2d 995, 998). The fact that petitioner had a live-in boyfriend is of no moment, unless there was proof that this had a detrimental impact on the children. There was no such proof here; in fact, petitioner's boyfriend cooperated fully in the pretrial psychological evaluation procedure. The overwhelming weight of expert testimony recommended a grant of custody to petitioner, and the court articulated no reasons for rejecting these opinions. In our view, the record supports a grant of custody to petitioner. (Appeal from order of Allegany County Family Court, Sprague, J.—custody.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.