■ In the Matter of BETH A. BARROWS, Appellant, v CHARLES L. BENJAMIN, SR., Respondent.—Yesawich, Jr., J. Appeal from

an order of the Family Court of Chemung County (Frawley, J.), entered September 8, 1986, which denied petitioner's application and granted respondent's cross application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of the parties' two children.

Apart from a number of separations due to respondent's excessive drinking and physical abuse of petitioner, the parties, who were never married, lived together from 1979 to November 1985. The two boys they produced, born in February 1980 and December 1981, have resided with both parents since birth except during the parents' separation, when the children resided with petitioner. In February 1986, petitioner married her current husband after an eight-day courtship, and thereafter petitioned to obtain full legal custody of the children. Respondent cross-petitioned for joint custody of the children, but in the hearings which followed respondent articulated that sole custody in himself was desired and appropriate. In July 1986, while this matter was pending, petitioner and her husband moved to Tennessee. Following three days of evidentiary hearings and receipt of a Law Guardian's report, which recommended joint legal custody and physical custody with respondent, Family Court awarded custody to respondent with three months of supervision by Child Protective Services. Petitioner appeals; we affirm.

The record does not paint a pretty picture of either parent, making Family Court's decision even more difficult than it otherwise would be. However, because Family Court, in whose discretion the custody decision has been placed, is in a much better position to evaluate the evidence, its decision is to be accorded great deference (see, Matter of Doty v Doty, 124 AD2d 323, 324, lv denied 69 NY2d 601). This is especially true of the credibility issues which permeate this record, such as petitioner's insinuation that respondent is homosexual and her allegation that he fondled the older boy, which contentions respondent vehemently denied. The court's determination based on the children's best interest is supported by its findings of fact which, inter alia, focus on petitioner's transient life-style over the course of a year, her apparent disregard for housekeeping, her husband's animosity toward the older boy, respondent's job, the availability of quality housing and child care from respondent's family, and the counseling that respondent is receiving for his alcohol abuse problem. As these findings are supported soundly and substantially by the record evidence, there is no basis for disturbing Family Court's determination

*(see, Matter of Broome County Dept. of Social Servs. v Dennis,* 97 AD2d 908).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.