■ In the Matter of PATRICIA HARP, Appellant, v WILLIAM J. McCANN, Respondent. — Appeal from an order of the Family Court of Ulster County (Feeney, Jr., J.), entered May 28, 1982, which granted respondent's motion to dismiss the petition at the close of petitioner's case. In April, 1975, the parties entered into a separation agreement under which petitioner was awarded custody of the two children of the marriage. In addition to providing for regular child support payments, the agreement also contained provisions in which respondent agreed to bear some responsibility respecting the children's medical and dental expenses and future college tuitions. Concerning tuition, the parties were to share equally "provided that the husband shall consent on the choice of the college". Respondent also agreed "to pay any extraordinary and necessary medical and dental expenses of each child not otherwise covered by medical insurance coverage, provided the husband is consulted prior to the rendering of such medical and dental care". The elder of the two children of the marriage had attended the State University College at Cobleskill for two years and received an associate degree ·at the conclusion of the 1979-1980 academic year. In conformity with the separation agreement, respondent had contributed the sum of $450 per semester, representing half of the tuition, during his son's attendance at Cobleskill. In 1980, the son was accepted in the course of study leading to a bachelor's degree in recreational land management at the University of Maine. Although tuition per semester at the University of Maine was approximately $1,750, respondent refused to pay any sum greater than his contributions to the tuition at Cobleskill. In August, 1980, the son consulted his regular dentist concerning some discomfort he was experiencing with his gums and was then referred to a dental surgeon for the removal of several impacted wisdom teeth. Respondent paid the bill for the extractions, but then deducted from his weekly support payments one half of the portion of the bill not covered by medical insurance. Petitioner then brought the instant proceeding in Family Court to enforce the foregoing provisions of the separation agreement, as incorporated in the divorce decree. A fact-finding hearing was held and respondent moved to dismiss the petition at the end of petitioner's

case. In a subsequent written decision, Family Court granted the motion to dismiss and this appeal ensued. In our view, Family Court erred in dismissing the petition at the close of petitioner's case. On such a motion, petitioner was entitled to the benefit of the most favorable inferences that could be drawn from the evidence presented (*Parvi v City of Kingston,* 41 NY2d 553, 554). Judged by that standard, petitioner had made out a prima facie case as to both elements of her claim. Regarding respondent's obligation to pay for his child's dental expenses, the applicable provision of the agreement did not require his consent but merely that he be consulted and not object to the proposed treatment. At the hearing, respondent conceded that his son telephoned him that he was having the extractions and requested transportation to and from the dentist's office, which he furnished without objection. This was substantial compliance with the contractual requirements of consultation, particularly in view of respondent's further admission that he consistently rejected petitioner's efforts to communicate directly with him on all matters pertaining to his parental obligation. Furthermore, we disagree with Family Court's ruling that, because petitioner did not produce expert testimony, there was a failure of proof that the dental treatment was "extraordinary and necessary". That phrase was not employed in the agreement in any technical sense requiring interpretation by a dental expert. The dental procedure which the child underwent, i.e., multiple extractions of impacted wisdom teeth under general anesthesia and performed not by his regular dentist, but by a dental surgeon, is amply sufficient in and of itself for a lay person to have concluded that it was both necessary and extraordinary. Family Court similarly erred in finding a failure of proof concerning respondent's obligation to pay one half of his son's tuition at the University of Maine. The court based its rulings on petitioner's failure to consult directly with respondent regarding the choice of college, the absence of any express consent by respondent, and because the court concluded that petitioner had failed to show that respondent's income and assets were sufficient to pay his full share of the higher tuition at the University of Maine. In so ruling, Family Court ignored petitioner's testimony, previously alluded to, that respondent refused to receive direct communications from her (supported by documentary evidence in the form of a letter from respondent to his son to this effect), and respondent's own admission of discussions with his son concerning his college plans prior to his graduation from Cobleskill. Respondent conceded in his testimony that he had no objection to the course of study his son elected to pursue, nor to the college selected, other than as to its higher tuition charges. In fact, he had congratulated his son when informed of his acceptance at the University of Maine. Respondent was only able to cite one other school offering an appropriate curriculum with a lower tuition. However, the proof established that the child had applied to that school and had been rejected. It was not incumbent upon petitioner to prove the adequacy of respondent's income and assets. By entering into the agreement containing the provision concerning college tuition, respondent effectively consented to having the cost of a college education considered as a part of his support obligation. Therefore, he was subject to the statutory presumption that he had sufficient means to provide support (Family Ct Act, § 437). The evidence of his actual financial circumstances which might have rebutted that presumption was in respondent's possession and control. In light of all of the circumstances, a prima facie case had been established concerning both consultation and at the very least tacit approval of his son's choice of college. Accordingly, Family Court's dismissal of the petition should be reversed, and the matter remitted for a prompt hearing before another Family Court Judge. An expedited hearing is particularly necessary here because of the inordinate delay of more than eight months between the prior hearing and the decision herein appealed.

Order reversed, on the law, with costs, and matter remitted to the Family Court of Ulster County for a prompt fact-finding hearing before another Family Court Judge. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.