■ STEPHEN LENNARD, Appellant, v TOBY LENNARD, Respondent. — Order, Supreme Court, New York County (Gabel, J.), entered February 10, 1983, which granted defendant's motion to hold plaintiff in contempt for his failure to make alimony payments, to the extent of permitting her to enter a money judgment for $400 against him, and otherwise denied said motion and denied, without prejudice to the commencement of a plenary action to enforce the provisions of the separation agreement, plaintiff's cross motion for an order

directing the entry of a judgment in his favor against defendant for $1,162.67, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, the direction of the entry of judgment for $400 in defendant's favor vacated and the matter remanded for a trial of all the issues raised by the respective motions, and otherwise affirmed. In partial satisfaction of $1,562.67 allegedly owed him by the wife for her share of their daughter's tuition expenses, as provided in the parties' separation agreement, incorporated but not merged into the judgment of divorce, the husband withheld alimony payments of $100 each for four months on the basis of which the wife moved to punish him for contempt. The husband cross-moved for a money judgment in the sum of $1,162.67, representing the wife's one-third share of the tuition expenses less the amount of alimony payment previously withheld. The wife contends that she need not contribute to the payment of the tuition charges because she never approved her daughter's choice of a college, although she did help her daughter to fill out the admission application for that college. Moreover, she never objected to her daughter's choice of a school. The wife's obligation to pay a portion of the tuition charges is conditioned on her approval of the choice of a college. The wife further claims that she is financially unable to contribute. Special Term denied the cross claim and granted the motion only to the extent of permitting the wife to enter a judgment for $400, the amount of the alimony arrears. When a spouse deems a school inappropriate to his or her financial condition, the proper procedure is to make application to be relieved of the obligation. A party making such an application has the burden of demonstrating financial hardship to the satisfaction of the court. (*Hahn v Hahn*, 40 AD2d 624.) In our view a hearing is required to resolve the issues raised by the respective applications. Since both applications are inextricably intertwined it was an improvident exercise of discretion to enforce summarily the terms of the separation agreement against the husband while at the same time refusing to enforce them against the wife. Accordingly, we modify and remand for a hearing. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Carro, JJ.