■ MARIFE H. HALLINGBY, Respondent, v PAUL HALLINGBY, JR., Appellant.

The parties, married in July 1980, separated pursuant to a separation agreement, later incorporated in a 1983 judgment of divorce. The wife had title to a house located in Water Mill, New York, purchased in August 1979 for $550,000, with the purchase price allegedly advanced in whole or in part by the husband. The agreement provided, *inter alia,* that the husband would receive $200,000 from the proceeds of any sale of the property to a third party, such right conditioned upon a contemporaneous letter agreement, under which the husband promised to use his best effort to obtain a moratorium with respect to payments due under a $250,000 bank loan. The letter agreement did provide, however, for a waiver of the husband's right to any portion of the proceeds if the wife were forced to sell the property "as a result of a failure to work out the desired moratorium on the principal repayments due on January 1st of 1983 and January 1st of 1984."

The property was subsequently sold by the wife for $1,750,000 and, upon the wife's refusal to relinquish the sum of $200,000 from the proceeds, the husband brought an action to recover $200,000 from the sale of the house and $150,000 from the sale of furnishings. The separation agreement provided that the furnishings were to be kept by the wife until she sold the home or for a three-year period, with the wife thereafter to have a right to purchase them at a price to be negotiated. In defense of that action, the wife claimed that the husband failed to arrange a moratorium on the mortgage principal payments. The husband, however, contends that he did obtain a bank commitment for a loan to make the mortgage payment, guaranteed by him. In the alternative, he agreed to lend her sufficient funds, without interest, which he claims amounted to the equivalent of the moratorium on repayment.

Under the circumstances of this case, we find that it was an improvident exercise of discretion to award judgment to the wife for arrears in maintenance due under the separation agreement where, as here, there is a prior action pending by the husband to recover on apparently meritorious claims arising out of the same agreement. While the wife relies upon the statutory direction contained in Domestic Relations Law § 244 that the court "shall" direct the entry of judgment to recover upon a default in arrears, to the extent the husband seeks to recover the proceeds of the sale, his claim similarly involves a claim within the scope

of the statute, in terms of a "default in paying any sum of money as required by the judgment or order directing the payment thereof".

*Wood v Wood* (60 AD2d 567, *affd* 45 NY2d 888), precluding an offset of maintenance obligations for claims arising prior to the divorce, does not apply here. Rather, we find our decision in *Lennard v Lennard* (97 AD2d 713) controlling here. What is dispositive in this case is that the claims by the respective parties arise out of the same agreement and, as we held in *Lennard* (p 714), "[s]ince both * * * are inextricably intertwined it was an improvident exercise of discretion to enforce summarily the terms of the separation agreement against the husband while at the same time refusing to enforce them against the wife." The only distinction between this case and *Lennard* is that in *Lennard* there were separate applications for relief in the matrimonial action, whereas here the husband acted promptly by instituting a separate plenary suit prior to the wife's application in the matrimonial action to recover maintenance arrears. The factual distinction in the two cases, however, does not warrant a different result in terms of the appropriate procedure, since to do so would penalize defendant for having promptly sought affirmative relief by proceeding with a separate plenary suit.

We also disagree with Special Term's determination that there were no common issues of law or fact sufficient to warrant consolidation of this application with the previously instituted suit by the husband. Both claims arise out of the same agreement, are inextricably intertwined and do involve common issues. Therefore, the motion to consolidate should have been granted. Inasmuch as the claims of the respective parties are "inextricably interwoven", it was error and inequitable to direct judgment on the wife's claim for arrears where the husband had asserted a related claim in an amount exceeding the wife's (*cf. Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 254; *Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874, 876-877; *Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, *affd* 17 NY2d 890).

Under the circumstances of this case, there was no basis to award counsel fees to the wife. It has been repeatedly held that, in a matrimonial action, counsel fees are awarded to ensure that an indigent wife has legal representation and where, as here, the wife is able to pay her own attorney, no award may be made (*see, Kann v Kann,* 38 AD2d 545; *Blauner v Blauner,* 60 AD2d 215, 218). In our case, the wife admittedly earns at least $50,000 per year and received the proceeds from the sale of the marital

residence for $1,750,000. It is palpably clear that she has the resources to and did retain her own attorney. Concur — Murphy, P. J., Ross, Kassal and Bloom, JJ.