■ In the Matter of ROCHELLE SAIDEL, Also Known as ROCHELLE WOLK, Appellant, v LESTER WOLK, Respondent.— Casey, J. Appeals (1) from an order of the Family Court of Saratoga County (James, J.), entered May 7, 1985, which, *inter alia,* directed petitioner to pay $50 per week in child support, and (2) from an order of said court, entered October 3, 1985, which denied petitioner's motion to vacate the prior order.

The parties were divorced in January 1984. Their rights and obligations as to support, custody and visitation of their two children were fixed in a separation agreement that apparently was incorporated but not merged in the divorce decree. In September 1984, petitioner commenced a proceeding in Family Court seeking to compel respondent to contribute toward the college education of the eldest child. Respondent answered and cross-petitioned for support for the two children, who had taken up residence with him. The parties appeared in court on April 10, 1985, represented by counsel, and they entered into a stipulation on the record whereby petitioner's application was dismissed and she agreed to make support payments of $25 per week per child until the child reached the age of 21. By letter dated April 19, 1985, petitioner sought to rescind the stipulation, alleging that she was misled by an inaccuracy in respondent's financial statement. Family Court denied the request and entered an order incorporating the terms of the stipulation. Petitioner moved to vacate the order and her motion was denied. These appeals ensued.

Petitioner's claim that Family Court lacked subject matter jurisdiction must be rejected, for the petition commencing the proceeding sought to enforce the support provisions of a prior Supreme Court order, over which the Supreme Court did not retain exclusive jurisdiction, and the cross petition sought to modify the prior order on the basis of changed circumstances *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 140). Also lacking in merit is petitioner's claim that the order incorporating the stipulation must be vacated due to misconduct and misrepre-

sentation. It appears that this claim is based upon respondent's failure to disclose in his financial statement that he had conveyed his one-half interest in the marital residence. Since this interest was actually conveyed to petitioner, we see no basis for petitioner's claim (see, Mattuozzi v Mattuozzi, 90 AD2d 844; appeal dismissed 58 NY2d 1112). Our review of the record confirms that the stipulation was the result of negotiations between counsel and was freely consented to by petitioner on the record (see, Zioncheck v Zioncheck, 99 AD2d 563). Consequently, she is bound by the terms of the order incorporating her stipulation (see, CPLR 2104).

Orders affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.