■ In the Matter of LESTER WOLK, Respondent, v ROCHELLE SAIDEL, Also Known as ROCHELLE WOLK, Appellant.—Main, J. Appeals (1) from an order of the Family Court of Saratoga County (James, J.), entered May 23, 1986, which, inter alia, in a proceeding pursuant to Family Court Act article 4, granted petitioner's application and directed respondent to pay a share of his daughter's college expenses and counsel fees, and (2) from an order of said court, entered October 1, 1986, which awarded petitioner further counsel fees.

The background of the parties' relationship is set forth in our decision in prior appeals by respondent (Matter of Saidel v Wolk, 122 AD2d 474). Thereafter, petitioner applied to recover from respondent a portion of college expenses incurred on behalf of the parties' daughter. Respondent cross-petitioned seeking modification of her obligation to pay child support on the ground that her income had diminished. Petitioner then filed another petition seeking enforcement of a prior order of child support alleging that respondent had failed to make several months of payments. Petitioner also sought counsel fees and submitted an affirmation by his attorney indicating work performed on the matter. A hearing was held and the Hearing Officer ordered that, inter alia, respondent was obli-

gated to pay a share of the tuition, certain arrearages and $1,500 in counsel fees within specified times. Respondent filed objections to the order, which Family Court denied. Respondent appeals from the order entered thereon.

Following respondent's failure to pay the various sums as ordered, petitioner sought a contempt order and counsel fees incurred in securing said order. From the transcript of a hearing held on said application, it appears that the request for contempt was withdrawn by petitioner's attorney and that the Hearing Officer ordered, *inter alia,* an additional $1,000 in counsel fees to be paid by respondent to petitioner for the legal proceedings resulting from respondent's failure to comply with the prior order. Respondent's objections to said order were denied by Family Court and respondent also appeals from the order entered thereon.

It was within the Hearing Officer's discretion to resolve issues of fact and we cannot say that it was error to conclude that respondent failed to sustain her burden for a modification of her support obligations. Regardless of whether respondent quit her supplemental employment or was terminated, the record establishes that she had other income and assets from which to satisfy her obligations. Likewise, the failure of the parties to agree upon their daughter's college choice and expenses is insufficient to invalidate respondent's ordered share of tuition costs. Although petitioner should have made a greater effort to confer with respondent on this matter, the fact remains that the parties' separation agreement, which was incorporated but not merged in the divorce decree, contemplates both parties contributing to the children's college expenses in accordance with their respective abilities. We cannot say that the minimal responsibility imposed on respondent is improper under all the circumstances. Finally, we believe it prudent for the Hearing Officer to give the parties' attorneys an opportunity to be heard concerning the $1,500 counsel fee award. It is unclear from our reading of the record whether this matter was to be resolved solely on the papers or whether it was to be determined after a further hearing. In light of this ambiguity, it would be wise to have this matter reconsidered after the parties were heard.

With regard to the order requiring respondent to pay $1,000 in counsel fees for the proceeding petitioner was forced to commence upon respondent's failure to make timely payments in accordance with the former order, we note that this order was at least partly motivated by respondent's failure to pay the $1,500 counsel fee award in timely fashion. Because the

$1,500 fee award is to be reconsidered, we deem it appropriate to reverse this latter award and to remit for further proceedings pending the outcome of the remittal on the former order.

Order entered May 23, 1986 modified, on the facts, without costs, by reversing so much thereof as denied respondent's objections to the $1,500 counsel fee award; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent herewith; and, as so modified, affirmed.

Order entered October 1, 1986 modified, on the facts, without costs, by reversing so much thereof as denied respondent's objections to the $1,000 counsel fee award; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.