■ In the Matter of JOHN N. GRASSO, Respondent, v ROCHELLE SAIDEL, Also Known as ROCHELLE WOLK, Appellant.— Yesawich, Jr., J. Appeals (1) from an order of the Family Court of Saratoga County (James, J.), entered April 1, 1987, which awarded petitioner a judgment against respondent for unpaid counsel fees, and (2) from an order of said court, entered October 18, 1988, which reinstated two previous awards of counsel fees.

Rochelle Saidel and Lester Wolk were divorced in 1984 *(see, Matter of Saidel v Wolk,* 122 AD2d 474). The events leading up to the instant appeal are set forth in this court's last decision remitting these matters to the Family Court for further proceedings *(Matter of Wolk v Saidel,* 135 AD2d 987). Upon remittal, a Hearing Examiner afforded the parties the opportunity to present new evidence but "[n]othing new or pertinent" having been submitted, he reinstated the prior awards of $1,500 and $1,000 in counsel fees to Wolk's attorney. Saidel raised various objections to the Hearing Examiner's decision; the appeal from the order entered October 18, 1988 is from Family Court's denial of those objections.

In the meantime, a second application for an order of contempt against Saidel was commenced by Wolk for her failure to pay the $1,000 counsel fee award; Wolk's attorney, John N. Grasso, the real party in interest, was subsequently substituted as petitioner. At the March 1987 hearing, Grasso offered to abandon the contempt proceeding if the court would enter a judgment, allowing execution for the sum due. Saidel acknowledged that unless the award were overturned she owed the $1,000 in counsel fees. However, when Grasso also claimed entitlement to approximately $60 in interest because respondent had allegedly willfully failed to make payment, Saidel challenged the assertion that her nonpayment had been willful. Proof was then taken on the question of Saidel's ability to pay, after which Family Court found her to be of sufficient means and rendered a judgment that included an additional $475 in counsel fees for services Grasso rendered in conjunction with the March 1987 hearing. An appeal was also taken from that order. The two appeals are being decided together; in both cases we affirm.

In remitting these matters we noted that it was unclear from the record before us then whether the $1,500 counsel fee award was to be resolved on papers or after a further hearing. The record presently before us discloses that fee award was made on affidavits, but those affidavits are not in the record. Judicial review of a factual conclusion requires submission of a record on appeal containing the evidence on which the decision under review was based (see, Hunt v Bloomer, 13 NY 341, 343). Since our inability to review those affidavits is the product of a deficient record put together by Saidel, we construe the omitted proof against her.

Saidel raised the question, albeit inartfully, of whether Family Court had jurisdiction to make the $1,000 counsel fee award under Family Court Act § 438. Clearly a mandatory award was not required under Family Court Act § 438 (b) because the underlying order was not one compelling payment of support for a spouse, child, or former spouse and child, but rather an order awarding $1,500 in counsel fees to a spouse's attorney pursuant to Family Court Act § 438 (a). The issue then is whether Grasso was proceeding to enforce the fee award pursuant to Family Court Act, article 4, part 5 or Judiciary Law article 19. Although Family Court Act, article 4, part 5 is directed primarily at enforcing support obligations, "Family Court has continuing jurisdiction over 'any order issued in the course of the [support] proceeding' " (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 451, at 336, quoting Family Ct Act § 451). Since the proceeding can be characterized as one within Family Court Act article 4, Family Court had jurisdiction to award counsel fees under Family Court Act § 438 (a).

Saidel also contends that Family Court erred in refusing to enforce Grasso's offer to drop the contempt proceeding in exchange for "entry of a judgment in the sum of $1,000.00 against Rochelle Saidel for the sum due" as an open-court stipulation which did not include interest. However, Grasso explicitly preserved the charge of willfulness in making that offer, and pursuant to Family Court Act § 460 (1) (e), the "sum due" includes interest in the event of willful default. Since Saidel was unwilling to concede willfulness, there was no "agreement" as required by CPLR 2104.

On the issue of willfulness, the record discloses, inter alia, that Saidel earned approximately $35,000 a year and in 1985 purchased a cooperative apartment in Manhattan for $140,000 in which she has at least $50,000 in equity. And since June 1986, Saidel a night-school graduate student, made academic

trips to Florida and Brazil. On the other hand, Family Court found that she had a negative cash flow, owed $15,000 to her parents and had miscellaneous credit card debts. Without more, Saidel's ownership of the cooperative apartment and her salary warrant Family Court's determination. "[R]eal estate holdings may provide prima facie proof of [a person's] ability to pay" *(Matter of Dickstein v Dickstein,* 99 AD2d 929), the crux of a finding of willful default *(supra).* Furthermore, "failure to use any part of one's wages to make payments during periods of regular employment is also prima facie evidence of willfulness" *(Matter of Sands v Sands,* 105 AD2d 788, *lv dismissed* 64 NY2d 767). But beyond that, Family Court found Saidel's expenses unnecessarily inflated. Clearly, there was sufficient evidence of willful failure to obey Family Court's order.

The propriety of the latest fee award is also challenged by Saidel. Family Court awarded the $475 based upon Grasso's testimony that he, as a Family Court expert, charges $125 per hour since December 1986 and $100 per hour prior thereto. Based, as it is, on three hours of actual trial time and an estimated one hour preparation time in 1986, Family Court's award is amply justified.

Saidel's remaining arguments do not merit comment.

Orders affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.