■ In the Matter of NANCY S. SEIBERT, Respondent, v JOHN M. BRIGGS, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Cortland County (Dowd, J.), entered May 13, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia,* direct respondent to pay for support of his children.

The parties married in 1962. Four children were born of the marriage, Jeffrey on March 7, 1963, Victoria on October 31, 1965, John on February 12, 1969, and Jarr on June 9, 1971. The parties executed a separation agreement on December 7, 1982 and were divorced by decree entered in Supreme Court on December 22, 1982.

The decree of divorce incorporated the prior separation agreement with the exception of "any provisions * * * relating to the support of the infant issue of the marriage which shall instead merge [into the decree] so as to not survive this final decree of divorce". The Supreme Court decree also directed that "all matters relative to the care, custody, control and support of the minor children of the marriage be referred to the Family Court". The separation agreement provided that: "The Husband shall not make regular installment payments for the support of the minor children, but shall instead based upon his ability to do so, be responsible for contributing to the expenses incurred by and on behalf of the said minor children for any and all reasonable medical expenses and education expenses to include private schooling and college education at either an accredited two-year or four-year college. * * * In regards to the Husband's contribution toward the education expenses of the minor children, it is hereby

expressly agreed that any such contribution is contingent upon the consent of the Husband being first obtained as to any selection, attendance or transfers from any educational institutions concerning the minor children of the marriage." A clause in the separation agreement also provided that respondent would pay $2,000 a year to petitioner "as support for the minor children". The payment was to be made "at times and in such amounts as the parties shall from time to time agree".

The parties paid for the children's education, with petitioner contributing the larger percentage. In 1986 petitioner commenced the instant proceeding in Family Court seeking, *inter alia,* reimbursement of certain educational expenditures alleging that respondent had violated the child support provisions of the separation agreement. A hearing was conducted in 1987 from which the Hearing Examiner made findings as to what amounts the parties contributed to their children's education for the relevant years 1983 through 1987. The Hearing Examiner also determined that respondent gave implied consent to Jeffrey's and Victoria's attendance at their respective schools and that any withholding of consent to John's and Jarr's educational selections based only on inability to pay was ineffective. The Hearing Examiner concluded that respondent was liable for the educational expenses of all four children, up to each reaching age 21, to the extent of his ability to pay, which was determined to be $60,000 for the period from 1983 to 1987. Family Court affirmed the decision and order rendered by the Hearing Examiner and this appeal followed.

Respondent's contention that Family Court had no jurisdiction to determine the issue of reimbursement of the children's educational expenses as part of the child support agreement is without merit. While Family Court is without jurisdiction to enforce a separation agreement not merged in a divorce decree *(see, Matter of Boden v Boden,* 42 NY2d 210; *Matter of Reeves v Samson,* 105 AD2d 1040, 1041), it may enforce those provisions which, as here, are so merged *(see, Matter of Reeves v Samson, supra; see also,* Family Ct Act § 466). Further, Supreme Court is empowered to refer matters of support contained in a separation agreement to Family Court *(see,* Family Ct Act § 461; *Matter of Schulte v Schulte,* 91 AD2d 706), as Supreme Court did here and as the agreement so provided. Additionally, the child support agreement logically includes education expenses *(cf.,* Domestic Relations Law § 236 [B] [1] [f]).

Respondent's claim that the children must be parties to

these proceedings also is meritless *(cf., e.g.,* Family Ct Act § 422).

Respondent's argument that petitioner waived her rights to enforce the support provisions has not been shown to have been raised and litigated in Family Court and, thus, has not been properly preserved for appellate review *(see,* Siegel, NY Prac § 530, at 737).

Similarly without merit is respondent's contention that the Hearing Examiner erroneously determined that respondent consented to the children's school selections. The Hearing Examiner could properly find on this record that the tuition payment respondent made to Colby College in regard to Victoria constituted an implied consent to her choice of that school *(see, Matter of Harp v McCann,* 97 AD2d 868; *Lennard v Lennard,* 97 AD2d 713). The same is true of his tuition payment to St. Lawrence University in regard to Jeffrey *(see, supra).* The decision of Family Court is to be accorded "great deference" in the evaluation of evidence *(Matter of Barrows v Benjamin,* 141 AD2d 977, 978). There was also evidence in the record that respondent expressly consented to John's and Jarr's choice of Deerfield Academy. Family Court therefore properly confirmed the Hearing Examiner's finding of respondent's obligation to contribute toward the education costs for the children.

Respondent's claim that the Hearing Examiner incorrectly calculated respondent's ability to pay for educational expenses is also without merit. In light of the Hearing Examiner's finding that respondent gave his consent and had the ability to pay, we reject respondent's argument that the Hearing Examiner improperly concluded that respondent could not base his refusal to consent only on his inability to pay.

Order affirmed, with costs. Weiss, J. P., Mikoll, Mercure and Harvey, JJ., concur.