In the Matter of MARTHA E. HARTLE, Respondent-Appellant, v RONALD J. COBANE, Appellant-Respondent. [643 NYS2d 726] —White, J.

The parties' separation agreement that is incorporated, but not merged, in their judgment of divorce obligates them to contribute to the college expenses of their two children provided they each approve of the educational institution, course of study and the children's living arrangements. Following her graduation from high school in 1991, the parties' daughter, Angela, attended summer school at the University of Hartford (hereinafter the University) and in the fall of 1991 commenced her undergraduate studies at the University. When petitioner asked respondent for his contribution toward Angela's expen-

ses, he advised her he had no intention of paying anything more than his $75 per week child support obligation. Ultimately, in March 1994, petitioner filed a petition seeking an order directing respondent to contribute toward the children's college expenses. After an evidentiary hearing, the Hearing Examiner determined that respondent is responsible for 60% of Angela's expenses which translated into a direction that he pay petitioner $11,691.12 in monthly installments of $200. Both parties filed objections with Family Court which denied them, prompting these appeals.[1]

Initially, respondent contends that the petition should have been dismissed because the record indicates that his approval was not sought for Angela's decision to attend the University. Given the agreement's silence on the method of expressing approval, respondent's failure to unequivocally disapprove of Angela's choice, along with the fact that he drove Angela to the University in the fall of 1991 and assisted her in moving into the dormitory, signified his acquiescence and implicit approval of Angela's decision (*compare, Matter of Collins v Collins*, 222 AD2d 584).

This acquiescence, however, did not extend to the summer course Angela undertook in 1991, for the record indicates that respondent specifically objected to this course of study. Moreover, there is no showing that such course was part of a course of study leading to an undergraduate degree which, under the agreement, is the only postsecondary education expense respondent is obligated to contribute to. Consequently, the $2,934 cost of Angela's 1991 summer course should not have been included in the tabulation of her college expenses.

We further find that other items were improperly included in said tabulation. It appears that the Hearing Examiner's calculations were drawn from petitioner's posttrial memorandum that included $3,105 in expenses that were not part of the record evidence and, thus, should not have been utilized by the Hearing Examiner in her calculations[2] (1 Bender's New York Evidence, Definitions § 1.01 [1], at 1-3).

The Hearing Examiner overlooked that portion of the agreement that provides "[e]ach party shall encourage the use of

---

1. The Hearing Examiner denied petitioner's request that respondent contribute toward their son's college expenses. Petitioner did not address this issue in her brief, which constitutes an abandonment of her appeal (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1).

2. These expenses are: spring 1994, $909; summer 1994, $996; apartment rent, June, July and August, $400 per month.

financial aids, grants, loans and scholarships to help defray expenses". To us, the clear import of this language is that the parties intended to seek financial assistance from outside sources to lessen their financial burden. Therefore, as it is undisputed that Angela obtained $10,096 in student loans, these loans should have been deducted from her expenses.

As there is nothing to indicate that the remaining items set forth in petitioner's tabulation of Angela's expenses are not accurate, our calculations show that Angela incurred $16,048 in chargeable expenses under the separation agreement which, when offset by her student loans, leaves $5,952 in uncovered expenses. Inasmuch as the evidence shows that when Angela entered college petitioner received approximately $30,000 in wages per year while respondent received approximately $45,000, we shall accept the Hearing Examiner's determination that respondent's pro rata share of Angela's college expenses is 60%.

Utilizing that percentage, we find that respondent's obligation for Angela's expense is $3,571. While there are instances where a credit is given for child support against college expenses (see, Paro v Paro, 215 AD2d 965, 966), it would not be appropriate here considering respondent's income, the fact that Angela received free tuition because of petitioner's employment by Clarkson University, the comparatively small amount of the contribution and the significant amount of loans taken out by Angela (see, Matter of Haessly v Haessly, 203 AD2d 700, 702; Matter of MacVean v MacVean, 203 AD2d 661, 663). Respondent shall satisfy his obligation by paying petitioner the required sum within 90 days of the date of this decision.

Lastly, we agree with the Hearing Examiner that respondent should continue to pay his child support obligation for his son directly to petitioner as there is no proof that his son has established his own domicile.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and facts, without costs, by reducing respondent's obligation for Angela's college expenses to $3,571; respondent is directed to pay this amount to petitioner within 90 days of the date of this Court's decision; and, as so modified, affirmed.