■ KATHERINE REGAN, Appellant, v PETER REGAN, Respondent. [678 NYS2d 673] —In a matrimonial action in which the parties were divorced by judgment dated December 20, 1973, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered September 19, 1997, as, after a hearing, denied that branch of her motion which was to direct the defendant to reimburse her for the children's college expenses and granted her separate motion for counsel fees only to the extent of $15,000.

Ordered that the order is modified by deleting the provision

thereof denying that branch of the plaintiff's motion which was to direct the defendant to reimburse the plaintiff for college expenses and substituting therefor a provision granting that branch of the plaintiff's motion and directing the defendant to reimburse the plaintiff in the sum of $58,095 for college expenses; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties' settlement agreement, which was incorporated into their judgment of divorce dated December 20, 1973, provided that "the Husband shall, if the children so qualify, and his financial circumstances permit, provide the cost of a college education of each child. The husband and wife shall agree on the choice of college". The defendant contends that he did not agree on the choice of colleges made by his three daughters and his financial circumstances at the time did not enable him to pay their college expenses. We disagree.

The defendant tacitly agreed to the children's college choices by his conduct, which included paying for one semester and several summer courses, and by failing to object to the choice of school or apply to be relieved of his obligation (*see, Matter of Seibert v Briggs,* 152 AD2d 900, 901; *Lennard v Lennard,* 97 AD2d 713, 714). In addition, given the defendant's salary and his share of the proceeds from the sale of the marital residence, the defendant's financial circumstances enabled him to pay for the children's college education. The defendant's obligation cannot be offset by his child support payments. The parties' settlement agreement and their subsequent 1985 stipulation both set forth his child support and college obligations separately and distinctly, without reference to either provision or an offset (*see, Matter of Meccico v Meccico,* 76 NY2d 822, 824; *Matter of Kurzon v Kurzon,* 246 AD2d 693). His obligation, however, is limited to the amount that was paid by the plaintiff. The amount that was paid in a gift by the maternal grandfather is not recoverable by the plaintiff. Therefore, the amount the defendant is obligated to pay is $58,095, the stipulated amount the parties attributed to college expenses paid by the plaintiff.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in directing the defendant to pay the plaintiff's counsel fees in the sum of $15,000 (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Eiseman v Eiseman,* 237 AD2d 484, 485-486). Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.