■ Lois J. Halligan, Respondent, v Thomas Wesdorp, Appellant. [694 NYS2d 149] —In an action for specific performance of so much of a separation agreement as concerns tuition and related expenses for the parties' son, the defendant father appeals from a judgment of the Supreme Court, Dutchess County (Hersh, J.H.O.), dated March 2, 1998, which, after a nonjury trial, directed him to pay one-half of the cost of tuition and related expenses for the completion of his son's two-year program at Marist College rather than the cost of such tuition and related expenses at a State-run school.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment directing the defendant to pay his share of his son's tuition and related expenses only insofar as they do not exceed what he would have

been obliged to pay had the son attended the State University of New York at New Paltz.

The plaintiff mother commenced this action to enforce the terms of the parties' separation agreement, incorporated but not merged into the parties' judgment of divorce, insofar as it concerned education expenses for the parties' son, Benjamin. The plaintiff sought to compel the defendant to pay his share of Benjamin's education expenses for Benjamin's last two years of college at Marist College, a private school. The defendant opposed such relief, arguing that he had not consented to Benjamin attending Marist College and could not afford the tuition and related expenses at a private college. The defendant contended that he should be compelled to pay no more than he would have been obliged to pay had Benjamin attended the State University of New York (hereinafter SUNY) at New Paltz, a State-run school and the defendant's and the plaintiff's alma mater. After a nonjury trial, the court granted the plaintiff the relief requested. We now reverse.

Pursuant to the clause of the parties' separation agreement dealing with education expenses, the defendant agreed to pay one-half of Benjamin's education expenses provided the parties could "substantially agree on matters concerning" his education. The wife testified that the clause had been "carefully negotiated so that one parent could not demand that the other contribute to the cost of a very expensive university education". On the facts presented, Marist College represented such an expensive education. Accordingly, the defendant did not unreasonably withhold his consent to Benjamin attending Marist College, and his obligation to pay for Benjamin's last two years of college may not exceed the tuition and related expenses he would have incurred had Benjamin attended SUNY at New Paltz. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.