■ In the Matter of SUSAN A. HEINLEIN, Respondent, v JON K. KUZEMKA, Appellant. [854 NYS2d 560]—

Peters, J.P.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have two sons (born in 1985 and 1988). Pursuant

to a separation agreement which was incorporated, but not merged, into their judgment of divorce, the parties agreed to contribute to the children's college expenses, provided that their then-financial circumstances permitted them to do so and that both parents "approve of the educational institution, course of study and living arrangements." In March 2001, an order of support was entered which modified the father's child support obligation and otherwise left the provisions of the separation agreement unchanged. In the fall of 2003, having accumulated $75,000 in scholarship funds, the elder son began attending Rensselaer Polytechnic Institute (hereinafter RPI). In March 2006, the mother commenced the instant proceedings seeking a modification of the prior order of support and alleging a violation of the support order. Specifically, she alleged an increase in expenses as a result of the children's college costs, as well as the father's failure to contribute to such expenses as agreed to in the separation agreement.

Following a hearing on the petitions, wherein a document setting forth the children's college expenses was admitted into evidence without objection, the Support Magistrate dismissed the mother's violation petition and modified the prior support order to the extent that support payments for the elder son would cease upon his attainment of the age of 21. Thereafter, the mother filed written objections to the Support Magistrate's orders, to which the father responded. Upon review, Family Court partially granted the mother's objections, ordering the father to reimburse the mother for 61%, or approximately $35,000, of the elder son's accumulated college expenses. The father appeals.

It is by now well settled that a separation agreement that is incorporated, but not merged, into a divorce degree is a legally binding independent contract between the parties which must be interpreted so as to give effect to the parties' intentions (*see Mills v Mills*, 22 AD3d 1003, 1003 [2005]; *Matter of Antes v Miller*, 304 AD2d 892, 893 [2003]). Here, the separation agreement clearly evinced the parties' intent to provide their children with a college education and to contribute to the associated costs. The father seeks relief from this obligation, asserting that since the mother did not consult him regarding his son's attendance at RPI, he did not approve of that school or any of the child's college-related expenses. His protests are unavailing since, while aware of the child's aspirations to attend RPI, he failed to make any inquiries of the mother and consistently declined to accept registered mail sent by her (*see Matter of Harp v McCann*, 97 AD2d 868, 869 [1983]). Moreover, once the

father became aware that his son was attending RPI, he took no action to object to the choice of school or apply to be relieved of his obligations, thus "signif[ying] his acquiescence and implicit approval of [the] decision" (*Matter of Hartle v Cobane*, 228 AD2d 756, 757 [1996]; *see Matter of Harp v McCann*, 97 AD2d at 869; *see also Regan v Regan*, 254 AD2d 402, 403 [1998]; *Lennard v Lennard*, 97 AD2d 713, 714 [1983]). Fully acknowledging the acrimonious nature of the parties' relationship following their divorce and recognizing that the mother "should have made a greater effort to confer with [the father] on this matter, the fact remains that the parties' separation agreement . . . contemplates both parties contributing to the children's college expenses in accordance with their respective abilities" (*Matter of Wolk v Saidel*, 135 AD2d 987, 988 [1987]). As such, the father cannot avoid his contractual obligations by ignoring the mother's written communications and remaining silent in the face of his admitted knowledge that his son was attending RPI. According great deference to Family Court's evaluation of the evidence and factual findings (*see Matter of Seibert v Briggs*, 152 AD2d 900, 902 [1989]), we find that the court properly held the father responsible for the child's greatly reduced college tuition and related expenses.

The father also contends that Family Court required him to pay 61% of the children's college expenses without determining whether his then-existing financial circumstances enabled him to do so. Initially, we note that "[b]y entering into the agreement containing the provision concerning college tuition, [the father] effectively consented to having the cost of a college education considered as a part of his support obligation [and] [t]herefore, he was subject to the statutory presumption that he had sufficient means to provide support" (*Matter of Harp v McCann*, 97 AD2d at 869; *see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]). Considering that the father, who earns slightly less than $50,000 annually, owns a luxury motorcycle in addition to his standard vehicle and resides in a home owned by his paramour in which he pays a modest $100 per week in rent, inclusive of all utilities, we find that he is financially able to contribute to college expenses (*see Matter of Frowein v Murray*, 298 AD2d 647, 648 [2002]).

Carpinello, Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.