■ In the Matter of CAROL PARKER, Respondent, v LENARD PARKER, Appellant. [903 NYS2d 145]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Horowitz, J.), dated June 9, 2009, which denied his objections to so much of an order of the same court (Jordan, S.M.), dated March 27, 2009, as, in effect, determined

that he was liable for half of the subject children's college expenses and awarded the mother the sum of $13,781 in arrears for his share of those expenses.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the objection to so much of the order dated March 27, 2009, as awarded the mother the sum of $13,781 in arrears for the father's share of the subject children's college expenses; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

Pursuant to the parties' stipulation of settlement (hereinafter the stipulation), which was incorporated into the judgment of divorce, the parties agreed to "fully and openly communicate and cooperate with each other with regard to the Children's higher education needs and expenses" and to "share equally in the cost of the Children's college education." It is undisputed that the mother did not communicate or cooperate with the father regarding either daughter's choice of college. The father contends that this breach of the terms of the stipulation should preclude the granting of any award reimbursing the mother for 50% of the daughters' college expenses, representing his share of the expenses. We disagree.

"Fully acknowledging the acrimonious nature of the parties' relationship following their divorce and recognizing that the mother 'should have made a greater effort to confer with [the father] on this matter, the fact remains that the parties' separation agreement . . . contemplates both parties contributing to the children's college expenses [equally]' " (*Matter of Heinlein v Kuzemka*, 49 AD3d 996, 998 [2008], quoting *Matter of Wolk v Saidel*, 135 AD2d 987, 988 [1987]). Thus, the father cannot avoid his contractual obligation solely on the ground that the mother did not discuss the matter with him. This is true with regard to both daughters, including Dreia, who informed the father at her high school graduation that she was planning to attend Hofstra University, a private school. Since the father took no action to object to Dreia's choice of school or to apply to be relieved of his obligation regarding her higher tuition, he "tacitly agreed to [her] college choice[ ] by his conduct" (*Regan v Regan*, 254 AD2d 402, 403 [1998]; *see Matter of Heinlein v Kuzemka*, 49 AD3d 996, 998 [2008]; *Matter of Hartle v Cobane*, 228 AD2d 756, 757 [1996]; *cf. Matter of Collins v Collins*, 222 AD2d 584 [1995]).

However, there is no explanation in the record as to how the Support Magistrate arrived at the sum of $13,781 as the amount

owed by the father for the children's college expenses, and there is insufficient evidence to determine whether that amount is correct.

Accordingly, the matter must be remitted to the Family Court, Westchester County, for the Support Magistrate to articulate the basis for determining that the father's share of the children's college expenses was the sum of $13,781, and for a new determination thereafter by the Family Court, taking the Support Magistrate's explanation into account, on the father's objection to that portion of the order dated Mach 27, 2009.

The father's remaining contention is without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.