■ Ruth Gretz, Respondent-Appellant, v Herbert Gretz, Appellant-Respondent. [971 NYS2d 312]—

In a matrimonial action in which the parties were divorced by judgment dated May 21, 2003, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Neary, J.), entered June 17, 2011, as denied those branches of his motion which were to direct the plaintiff to pay 100% of their eldest child's college expenses above the stipulated "SUNY Cap" and for an award of an attorney's fee,

and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same order which, inter alia, granted that branch of the defendant's motion which was to direct her to pay 50% of the parties' children's camp expenses and denied those branches of her cross motion which were to direct the defendant to pay 100% of the parties' children's camp expenses since 2003 and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties are former husband and wife who entered into a comprehensive stipulation of settlement in 2003, which was thereafter incorporated but not merged into a judgment of divorce dated May 21, 2003.

The Supreme Court properly denied that branch of the defendant's motion which was to direct the plaintiff to pay 100% of their eldest child's college expenses above the stipulated "SUNY Cap." The defendant has stated that he is "pleased" with his eldest child's college selection, which is also his alma mater. The parties' stipulation of settlement contemplates that the parties would contribute to their children's college expenses equally and, under the circumstances presented here, the defendant cannot avoid his contractual obligation on the ground that the plaintiff did not adequately discuss their eldest child's college selection with him (*see Matter of Parker v Parker*, 74 AD3d 1076, 1077 [2010]; *Matter of Heinlein v Kuzemka*, 49 AD3d 996, 998 [2008]).

The Supreme Court properly granted that branch of the defendant's motion which was to direct the plaintiff to pay 50% of the parties' children's camp expenses as set forth in the parties' stipulation of settlement (*see Matter of Sebastiani v Locatelli*, 11 AD3d 701 [2004]; *Matter of Hartle v Cobane*, 228 AD2d 756 [1996]). Likewise, the Supreme Court properly denied that branch of the plaintiff's cross motion which was to direct the defendant to pay 100% of the parties' children's camp expenses since 2003. The record establishes that the plaintiff acquiesced in the defendant's choice of summer camp for their children by failing to provide an alternative option and by permitting the children to attend that camp during the years that the defendant had decisional control. Moreover, the plaintiff was not entitled to include certain purported camp-related expenses in the defendant's share of camp expenses because she failed to demonstrate that those purported expenses were for the children's camp activities as set forth in the parties' stipulation of settlement.

The Supreme Court properly denied those branches of the

motion and cross motion which were for an award of an attorney's fee (*see D'Amico v D'Amico,* 251 AD2d 616 [1998]). Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.