■ In the Matter of JOHNINE K. VANBEERS, Respondent, v WILLIAM VANBEERS, Appellant. [12 NYS3d 238]—Appeal from an order of the Family Court, Orange County (Carol S. Klein, J.), entered July 29, 2014. The order denied the father's objections to an order of that court (Christine Patneaude Krahulik, S.M.), dated June 24, 2014, which, after a hearing, inter alia, awarded the mother certain child support arrears and calculated the father's share of the child's college expenses in accordance with the parties' dissolution agreement.

Ordered that the order entered July 29, 2014, is affirmed, with costs.

The Family Court properly denied the father's objections to the Support Magistrate's order (*see Matter of Mahoney v Goggins*, 24 AD3d 668, 669 [2005]). In reviewing a determination of the Family Court, great deference should be given to the determination of the Support Magistrate, who was in the best position to hear and evaluate the evidence, as well as the credibility of the witnesses (*see Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). Contrary to the father's contentions, the Family Court properly determined, under the circumstances presented here, that the father was not relieved of his contractual obligation to contribute to the child's college expenses on the ground that the mother did not adequately discuss the matter with him, where the evidence demonstrated that the mother had made attempts to do so, and that the father failed to respond to those attempts (*see Gretz v Gretz*, 109 AD3d 788 [2013]; *Matter of Parker v Parker*, 74 AD3d 1076, 1077 [2010]; *Matter of Heinlein v Kuzemka*, 49 AD3d 996, 998 [2008]).

The father's remaining contention is without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.