■ AMANDA ESPY, Respondent, v PETER ESPY, Appellant. [46 NYS3d 890]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered June 22, 2016, which, in this postjudgment matrimonial proceeding, to the extent appealed from as limited by the briefs, granted plaintiff's motion for an order directing defendant to pay 80% of the private school expenses of the parties' child, unanimously affirmed, without costs.

Supreme Court properly determined that defendant was responsible for 80% of the private school educational expenses of the parties' child. "The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). Contrary to defendant's contention, his refusal to give his explicit consent to the child attending a certain private school did not absolve him of his contractual obligations. Pursuant to the parties' custody and settlement agreements, in the event of a dispute regarding a "major matter," including the child's education, the dispute resolution process included seeking judicial intervention. Here, under the circumstances presented, we agree with Supreme Court that defendant's actions, which included a failure to seek such judicial intervention, amounted to acquiescence to the child's enrollment in the private school (*see Matter of Parker v Parker*, 74 AD3d 1076 [2d Dept 2010]).

To the extent defendant claims he should be relieved of his contractual obligation to pay for the child's educational expenses because he cannot afford the private school, the argument is unavailing. The settlement agreement did not make consideration of financial factors a precondition to defendant's obligation to pay his share of the child's private school costs (*see Friedman v Friedman*, 143 AD3d 665, 668 [2d Dept 2016]). Furthermore, defendant failed to provide any evidence to establish his claimed economic distress (*see Lennard v Lennard*, 97 AD2d 713 [1st Dept 1983]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.