Neimark v Lefferts (2026 NY Slip Op 00380)

Neimark v Lefferts

2026 NY Slip Op 00380

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-07103
 (Index No. 31733/23)

[*1]Marshall A. Neimark, appellant,
vJoy Lefferts, etc., respondent.

Marshall A. Neimark, New City, NY, appellant pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered May 16, 2014, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated June 28, 2023. The order granted that branch of the defendant's motion which was to enforce a provision of the parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, requiring the plaintiff to pay for the summer camp expenses for the parties' youngest child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married in 2001 and have three children together. They were divorced by a judgment of divorce entered May 16, 2014. A stipulation of settlement dated December 20, 2013 (hereinafter the 2013 stipulation), was incorporated but not merged into the judgment of divorce. Pursuant to the 2013 stipulation, the plaintiff was responsible for paying "all summer camp (sleep away and/or day camp) expenses incurred on behalf of the children, as mutually discussed, agreed upon and approved by the parties" and, in the event of an impasse, "the [defendant] shall make the final selection provided said decision is based upon the application of the above-factors."
In April 2023, the plaintiff moved for various relief with respect to the provisions of the 2013 stipulation and judgment of divorce, and the defendant opposed the motion. In May 2023, the defendant moved for various relief, including to enforce various provisions of the 2013 stipulation and judgment of divorce. Following numerous conferences with the Supreme Court, the plaintiff withdrew his motion, and the parties entered into a stipulation of settlement on June 22, 2023 (hereinafter the 2023 stipulation). The 2023 stipulation resolved all remaining issues, except that branch of the defendant's motion which was to enforce the provision of the 2013 stipulation requiring the plaintiff to pay for summer camp expenses for the parties' youngest child. In an order dated June 28, 2023, the court granted that branch of the defendant's motion (hereinafter the June 2023 order). The plaintiff appeals.
The plaintiff contends that the Supreme Court should not have decided that branch of the defendant's motion which was to enforce the provision of the 2013 stipulation requiring the plaintiff to pay for the summer camp expenses for the youngest child, because the 2023 stipulation provided that the parties would attempt to resolve that issue themselves before the court would render a determination. However, there is no indication in the record that the defendant withdrew [*2]that branch of her motion. Additionally, the 2023 stipulation states that "[t]he parties agree that the . . . terms and conditions [of the 2023 stipulation] resolve the outstanding applications pending before the Court, with the exception of the 2023 Summer Camp." Thus, the Supreme Court did not err in deciding that branch of the plaintiff's motion.
Contrary to the plaintiff's contention, the Supreme Court properly directed him to pay for the summer camp expenses for the youngest child. Under the circumstances presented here, the plaintiff was not relieved of his contractual obligation to pay for the summer camp expenses for the youngest child on the ground that the defendant did not adequately discuss the matter with him, where the parties' submissions demonstrated that the defendant had made attempts to do so and that the plaintiff failed to respond to those attempts but nevertheless discussed the matter with the defendant's attorney (see Matter of VanBeers v VanBeers, 129 AD3d 1095; see also Matter of Parker v Parker, 74 AD3d 1076, 1077).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court