■ JAMES J. COHN, Respondent, v JOAN COHN, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated June 2, 1983, as denied that branch of her motion as sought to direct the plaintiff husband to pay for their daughter Lisa's sleep-away camp, and (2) so much of an order of the same court, dated July 13, 1983, as, upon reargument, adhered to its original determination with respect to that branch of her

motion. ¶ Appeal from the order dated June 2, 1983 dismissed. Said order was superseded by the order dated July 13, 1983. ¶ Order dated July 13, 1983 reversed, insofar as appealed from, on the law and the facts, so much of the order dated June 2, 1983 as denied that branch of her motion which sought to direct the husband to pay for their daughter's sleep-away camp vacated, that branch of the motion granted, and the husband is ordered to pay for the sleep-away camp for the daughter. ¶ Defendant is awarded one bill of costs. ¶ The dispute involves article VIII of a separation agreement executed by the parties on April 13, 1977. The article provides in pertinent part that: "Except as hereinabove provided, the Husband shall not be obligated to pay the costs for sleep-away camp for the Children, unless his prior written consent is obtained, which consent shall not be unreasonably withheld. The financial status of the Husband shall not be considered in determining whether the Husband's consent is unreasonable, in the event his consent is withheld, and the parties agree that an 'ability to pay test' will not be used in determining 'unreasonably withheld' ". ¶ The wife alleges that during December, 1982, the parties' 12-year-old daughter Lisa told her that she would like to attend sleep-away camp. She arranged for Lisa to ask her father, as his permission was necessary. The wife further alleges that she asked the husband for his consent after two interviews he had attended at the summer camps to ascertain which camp would be most suitable for his daughter. Although he had been impressed with one particular camp run by his friend, he advised the wife on a number of occasions that he would pay only one half the costs. ¶ The husband admits that he spoke with his daughter about camp, and that he attended these interviews. Nonetheless, he denies that his consent was sought. He alleges that he made an unsolicited offer to pay for half the expenses. The husband further notes that "as a result of her refusal to purchase things for our children, I have been required to buy extras", and that his business was "hard hit" by the recession. ¶ On this record, we find that the wife sought the husband's consent to pay full sleep-away camp expenses. We further find that the husband has unreasonably withheld his consent. The husband does not dispute that camp would be in the best interests of the child, and he never voiced disapproval of the particular camp chosen. As the separation agreement provides that the husband's consent shall not be unreasonably withheld, he has the burden of supplying a reason for withholding consent. Vague and conclusory reasons such as his wife's "refusal to purchase things" do not suffice. As to the equally vague reference to a business recession, it must be noted that the agreement specifically precludes consideration of the husband's financial status in determining whether his refusal is reasonable. Thus, we conclude that the husband's refusal to pay the entire cost of camp was unreasonable. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.