■ In the Matter of KATHERINE COLLINS, Respondent, v WILLIAM COLLINS, Appellant. [635 NYS2d 655] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Braslow, J.), entered June 24, 1994, which denied his objections to stated portions of an order of the same court (Edlitz, H.E.), dated March 22, 1994, which, *inter alia*, after a hearing, directed him to pay $6,000 to the mother for arrears of college tuition for the parties' youngest child, directed him to pay $1,500 for the mother's counsel fees, and directed that payments be made through the New York State Department of Social Services, Support Collection Unit.

Ordered that the order entered June 24, 1994, is reversed, on the law and the facts, with costs, the father's objections to the order dated March 22, 1994, are sustained, and the first, second, third, fourth, sixth, tenth, and eleventh decretal paragraphs of that order are vacated.

Pursuant to a separation agreement between the parties, which was incorporated in the resettled judgment of divorce, the appellant agreed to pay all of his daughter's college expenses, so long as both he and his former wife and his daughter were "in agreement as to the college to be attended, it being understood that such agreement on the part of any of said persons shall not be unreasonably withheld", and "provided [the appellant] is able". The appellant unequivocally consented only to his daughter's attendance at a State university. His daughter was in fact accepted to the State University of New York (hereinafter SUNY), but his daughter's first choice was a private college. The petitioner acknowledged that the appellant told her that he was willing to accommodate his daughter's first choice, only if his expenses were limited to $6,000. The petitioner cited no compelling reason why her daughter's best interests were served by her attendance at the private college she attended instead of SUNY. She merely noted that State universities were large and intimidating. On the question of whether the appellant was able to pay the costs of a private college, the appellant submitted evidence at the hearing that he suffered financial difficulties in recent years, which brought him to the threshold of bankruptcy. In addition to college expenses, he pays $1,000 per month child support for his daughter. Based upon these factors, we conclude that the appellant did not act unreasonably in refusing to pay his daughter's ex-

penses at the private college she attended to the extent those expenses exceeded $6,000. We further find that the Family Court improvidently exercised its discretion when it awarded the petitioner counsel fees (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250).

Moreover, the Family Court improperly directed that support be paid through the New York State Department of Social Services, Support Collection Unit, since the petitioner specifically stated in her petition that she "does not wish to make application for child support services" (*see,* Family Ct Act § 440 [1] [a]; Social Services Law § 111-g; 18 NYCRR 347.17 [a]). Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.