■ In the Matter of MARY MISSERE, Respondent, v ANTHONY MISSERE, Appellant. [658 NYS2d 400] —In a support proceeding

pursuant to Family Court Act article 4, the father appeals from so much of an order of the Family Court, Orange County (Bivona, J.), entered January 11, 1996, as denied his objections to that portion of an order of the same court (Mandell, H.E.), entered October 11, 1995, which directed him to contribute 40% to the cost of college tuition at Manhattan College for the parties' daughter.

Ordered that the order entered January 11, 1996, is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, the father's objections to the order entered October 11, 1995, are sustained, so much of the order entered October 11, 1995, as directed him to contribute to the cost for his daughter's college tuition at Manhattan College is vacated, and the mother's application for the father to contribute to the cost for the college tuition of the parties' daughter at Manhattan College is denied.

By virtue of the father's position as an assistant professor at St. John's University (hereinafter St. John's) the parties' children are entitled to a free college education there. Although the parties' daughter was accepted at St. John's prior to the beginning of the 1995-1996 academic year, she chose to attend Manhattan College (hereinafter Manhattan) a school for which she would have to pay tuition.

It appears that St. John's and Manhattan are comparable schools. The mother failed to offer sufficient proof to show that it would be detrimental to the daughter to be required to attend St. John's. Moreover, the payment of this additional support would leave the father with almost nothing to live on after all child support and tuition payments are deducted from his income. Under these circumstances, it was an improvident exercise of discretion to direct the father to pay for the parties' daughter to attend Manhattan (*see*, Domestic Relations Law § 240 [1-b] [c] [7]; Family Ct Act § 413 [1] [c] [7]; *see generally, Cohen v Cohen*, 203 AD2d 411; *see also, Manno v Manno*, 224 AD2d 395). Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.