■ Sophie J. Balk, Respondent, v David M. Rosoff, Appellant. [720 NYS2d 559] —In a matrimonial action in which the parties were divorced by a judgment dated March 11, 1988, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.), entered October 12, 1999, as denied those branches of his motion which were to compel the plaintiff mother to pay the full cost of their daughter's college education and for an award of an attorney's fee, and granted the mother's cross motion to compel him to pay one-half of the cost of their daughter's college education at a private university, and for an award of an attorney's fee.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof granting the cross motion, and substituting therefor a provision granting that branch of the cross motion which was to compel the father to pay one-half of the cost of their daughter's college education at a private university to the extent of directing him to pay one-half of what the cost would have been at the State University of New York at Binghamton, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to calculate the amount the defendant is obligated to pay.

The parties' separation agreement, which was incorporated but not merged into the parties' judgment of divorce, and the

judgment of divorce both include provisions requiring that each parent pay one-half of the cost of a college education for each of their children. However, it was further provided in both the separation agreement and the judgment of divorce "that the parties shall have approved in writing, in advance, the child's enrollment in any private secondary school or residential college. Such approval shall not unreasonably be withheld." During the application process, the father learned that his daughter was applying to many private universities. He then wrote many letters to the mother stating that he was withholding his consent to enroll their daughter in a private university, and instead suggested that she enroll in the State University of New York (hereinafter SUNY).

Despite his unequivocal disapproval, the daughter enrolled in the private Boston University instead of SUNY at Binghamton, where she was also accepted. When the mother sent him the bill for one-half of the cost, the father moved, *inter alia*, to compel the mother to pay the full cost, arguing that she had violated the separation agreement and judgment of divorce by enrolling the daughter in Boston University without his consent. The mother cross-moved to compel him to pay the bill and for an attorney's fee. The Supreme Court determined that although the father unequivocally withheld his consent, the withholding of consent was unreasonable, and compelled him to pay one-half of the cost of attending Boston University, plus an attorney's fee. We disagree.

A separation agreement and judgment of divorce are binding agreements (*see, Brescia v Fitts,* 56 NY2d 132; *Matter of Boden v Boden,* 42 NY2d 210). The father unequivocally withheld his consent to enroll his daughter in Boston University because its cost is much greater than that of SUNY. With regard to tuition, room, and board, Boston University costs over three times more than SUNY at Binghamton, while the academic rankings of the two schools are similar. Therefore, because the cost of Boston University was much greater than that of SUNY at Binghamton, and the schools are of similar status, the father's position was not unreasonable (*see, Matter of Missere v Missere,* 240 AD2d 410; *Matter of Collins v Collins,* 222 AD2d 584). However, it is just and proper to direct the father to pay one-half of the cost of what his daughter's college education would have been had she attended SUNY at Binghamton (*see, Halligan v Wesdorp,* 264 AD2d 466; *Matter of Collins v Collins, supra; Cohn v Cohn,* 102 AD2d 859).

The mother failed to establish her entitlement to an award of an attorney's fee (*see, Price v Palagonia,* 212 AD2d 765).

The father's remaining contention is without merit. Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.