■ In the Matter of BARBARA KLEIN, Appellant, v RICHARD KLEIN, Respondent. [756 NYS2d 260] —In a support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Horowitz, J.), dated January 24, 2002, as sustained the father's objections to an order of the same court (Furman, H.E.), entered July 5, 2001, which, after a hearing, inter alia, granted the petition to compel the father to pay the full cost of their daughter's college education and denied that branch of the father's cross petition which was to dismiss the petition.

Ordered that the order dated January 24, 2002, is reversed insofar as appealed from, on the law, with costs, the father's objections are denied, and the order entered July 5, 2001, is reinstated.

Pursuant to the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, the father agreed to pay for all of his daughter's college expenses to attend a private institution, provided that both parties approved of the institution, the course of study, and the living arrangements. Neither party could unreasonably withhold their consent. In the event that the parties could not reasonably agree on a particular private institution and the daughter attended it anyway, the father was only responsible to pay the equivalent of the cost of an education at a State University of the State of New York. The father refused to consent to the daughter's attendance at the University of Delaware, and refused to pay for the entire cost of the college.

Contrary to the father's contentions, he unreasonably withheld his consent to allow his daughter to attend the University of Delaware. The father's withholding of consent was not based upon financial hardship or the quality of the institution. Moreover, all of the father's other children attended private colleges and the subject child's stepbrother attended the University of Delaware. The best interests of the child are served by the daughter's attendance at the University of Delaware (see generally Matter of Wieser v Wieser, 253 AD2d 467 [1998]; see also Matter of Cassano v Cassano, 203 AD2d 563 [1994], affd 85 NY2d 649 [1995]). Accordingly, the father was unreasonable in withholding consent because he felt that the daughter could get a comparable education in a State University of the State of New York, and he is obligated, pursuant to the terms of the agreement, to pay for the full cost of his daughter's education at the University of Delaware (see Matter of Collins v Collins, 222 AD2d 584 [1995]; Matter of Cassano v Cassano, supra; cf. Balk v Rosoff, 280 AD2d 568 [2001]). Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.