Fourth Department, August, 2006

(August 16, 2006)

■ In the Matter of Susan A., Appellant, v Louis C., Respondent. [821 NYS2d 687]—

Appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered April 4, 2005 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, dismissed the petition seeking to hold respondent 100% responsible for the high school educational expenses of the parties' daughter at a suitable private school the daughter wishes to attend.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the objections are granted in part, the petition filed July 7, 2004 is granted and the petition filed September 2, 2004 is dismissed.

Memorandum: Petitioner appeals from an order of Family Court that, inter alia, dismissed her petition seeking to hold respondent 100% responsible for the high school educational expenses of their daughter at a suitable private school the daughter wishes to attend and granted respondent's petition seeking, inter alia, a determination of respondent's financial obligation with respect to the high school educational expenses of the parties' daughter. We agree with petitioner that respondent unreasonably withheld his consent to the enrollment of the par-

ties' daughter at that school. The parties were never married and entered into a custody/child support agreement whereby respondent would be responsible for "all" of the daughter's educational expenses through high school, "provided the parties mutually approve the educational expenses prior to their being incurred and provided [petitioner] notifies [respondent] of the school and his prior consent is obtained, which consent shall not be unreasonably withheld." We note at the outset that respondent's financial ability to pay the educational expenses for the parties' daughter at the school the daughter wishes to attend is not at issue on this appeal. Respondent did not contend in Family Court that he lacked the financial ability to pay those expenses at either that school or a different school, and respondent did not supply the court with a financial affidavit.

"The agreement to educate makes [respondent] a consulting partner in approving the selection of a school" (*Heaney v Heaney*, 93 Misc 2d 811, 815 [1978], *mod on other grounds* 69 AD2d 897 [1979]). Where a "separation agreement provides that the [respondent's] consent shall not be unreasonably withheld, [respondent] has the burden of supplying a reason for withholding consent" (*Cohn v Cohn*, 102 AD2d 859, 860 [1984]). Although this case does not involve a separation agreement, we see no reason why the same principle should not apply to the custody/child support agreement here. "Vague and conclusory reasons . . . do not suffice" (*id.*). Where financial hardship or the quality of the institution is not the basis for the withholding of consent, courts have applied the "best interests of the child" analysis (*Matter of Klein v Klein*, 303 AD2d 405, 406 [2003]).

The proof elicited at the hearing on the parties' respective petitions established that respondent and the parties' daughter did not have a close relationship and that the withholding of his consent was based upon criteria that was not personal to the interests and circumstances of the parties' daughter. The proof indicated that respondent declined to become involved in the high school selection process despite being specifically invited to do so by petitioner. Respondent also admitted that he did no independent investigation of the various area high schools prior to withholding his consent to the enrollment of the parties' daughter at the school the daughter wishes to attend.

Therefore, we conclude that it was unreasonable for respondent to withhold his consent for the parties' daughter to enroll at the school chosen by the daughter and that respondent is responsible for 100% of the high school educational expenses at that school as set forth in the parties' custody/child support agreement. Present—Kehoe, J.P., Gorski, Pine and Hayes, JJ.