■ In the Matter of TARA E. CONNOLLY, Appellant, v JAMES J. CONNOLLY, Respondent. [830 NYS2d 744]—

In a child support proceeding pursuant to Family Court Act article 4 to enforce the child support provisions of a judgment of divorce dated June 13, 1996, and a stipulation of settlement which was incorporated but not merged into the judgment of divorce, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Pessala, J.), dated October 28, 2005, as denied her objections to so much of an order of the same court (Dwyer, S.M.), dated May 2, 2005, as, after a hearing, denied those branches of her petition which were for reimbursement of the father's pro rata share of certain "extraordinary expenses" and certain purported educational and medical expenses.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the mother's objection to so much of the order dated May 2, 2005, as denied that branch of her petition which was for reimbursement of the sum of $450 representing the father's pro rata share (75%) of the $600 fee of a psychologist, and substituting therefor a provision sustaining that objection and granting that branch of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, provided that "[e]ach party shall pay a pro rata share of college expenses for the children" and "a pro rata share of uncovered unreimbursed medical and dental expenses." The father's pro rata share of these expenses was 75%. However, the stipulation of settlement

made no provision for "extraordinary expenses" of the children. A provision in the proposed judgment of divorce providing for an award of "extraordinary expenses" was stricken. Accordingly, the father was not liable for the children's legal fees, which were characterized as "extraordinary expenses."

The mother failed to set forth a sufficient foundation for her claims to certain purported educational expenses pursuant to the terms of the stipulation.

However, the mother should have been awarded an additional $450 representing reimbursement of the father's pro rata share (75%) of the $600 fee of a psychologist who diagnosed the mental condition of the parties' younger son. This diagnosis was required by the son's school for the purpose of his educational placement. Medical services are services in connection with the diagnosis, prevention, and/or treatment of a disease of the body or mind (*see Boris v Boris*, 245 AD2d 409 [1997]; *Bucy v Bucy*, 23 Conn App 98, 101-102, 579 A2d 117, 119-120 [1990]; *Cedergreen v Cedergreen*, 811 P2d 784, 788 [Alaska 1991]; *see also Monroe v Monroe*, 108 AD2d 793, 795 [1985]). The fact that the services were performed by a psychologist rather than a psychiatrist is not significant (*see Moore v Metropolitan Life Ins. Co.*, 33 NY2d 304, 312 [1973]). Here, it is apparent that the services in question were for diagnosis of the child's mental condition which was required for his educational placement. Accordingly, contrary to the conclusion of the Support Magistrate, the services in question constituted a reasonable and necessary medical expense. As such, the Family Court erred in denying the mother's objection to so much of the order dated May 2, 2005, as denied that branch of her petition which was for reimbursement of the sum of $450 representing the father's pro rata share of the $600 fee of a psychologist. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.