■ In the Matter of GAIL BEICHMAN-SAUL, Respondent, v DAVID A. LOGLISCI, Appellant. [837 NYS2d 229]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated August 8, 2006, which denied his objections to an order of the same court (Livrieri, S.M.), dated May 15, 2006, which, after a hearing, inter alia, granted the mother's petition and directed him to pay arrears to the mother in the sum of $829.50, representing 50% of the costs of child care for the parties' child.

Ordered that the order dated August 8, 2006 is reversed, on the law, with costs, the father's objections to the order dated May 15, 2006 are sustained, the order dated May 15, 2006 is vacated, and the petition is denied.

Under the terms of a stipulation of settlement entered into between the parties, which was incorporated but not merged into their judgment of divorce, they were obligated to "equally share the cost of child care and . . . mutually agree upon the selection of the child care provider or program for the child." Here, the evidence established that the parties did not "mutually agree" upon a child care provider and thus, the father's obligation to "equally share" in the cost of the provider never arose (*see Frydman v Frydman*, 32 AD3d 455, 456-457 [2006]; *Dierna v Dierna* 11 AD3d 426 [2004]; *Pollack v Pollack*, 276 AD2d 613, 614 [2000]; *Matter of Citera v D'Amico*, 251 AD2d 662, 663 [1998]; *Matter of Levenson v Levenson*, 166 AD2d 592 [1990]). The father's objections to the child care providers selected by the mother were reasonable (*see Balk v Rosoff,* 280 AD2d 568, 569 [2001]; *cf. Matter of Susan A. v Louis C.,* 32 AD3d 682, 683 [2006]; *Cohn v Cohn,* 102 AD2d 859, 860 [1984]). Accordingly, the Family Court should have sustained the father's objections to the Support Magistrate's order, and denied the mother's petition. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.