Ordered that the motion is otherwise denied. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.

■ GLORIA D., Respondent, v JOHN D., Appellant. [911 NYS2d 478]—

In a matrimonial action in which the parties were divorced by judgment entered July 30, 2008, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated August 5, 2009, as granted that branch of the plaintiff mother's motion which was to enforce the provisions of a stipulation of settlement dated April 15, 2008, by requiring him to pay two-thirds of the costs incurred for the subject child to attend a therapeutic boarding school.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 15, 2008, the parties entered into a stipulation of settlement in which they opted out of the provisions of the Child Support Standards Act and agreed, among other things, that the father, whose income exceeded $1.3 million per year, would pay two-thirds of the tuition and other fees required for the children to continue to attend the private schools they were then enrolled in. The stipulation also required the father to pay two-thirds of the children's unreimbursed medical expenses, which were defined to include the cost of psychological treatment, psychiatric treatment, and "therapeutic expenses." Moreover, any "out-of-network providers" who were already rendering services to the children, including the therapist who was treating one of the parties' children, would continue to do so unless the parties jointly agreed to change providers. The stipulation further provided that "[n]o additional or new out-of-network provider will be selected for any child, without the consent of each parent (not to be unreasonably withheld) or in the event emergency treatment is not immediately available within the insurance network." The stipulation of settlement was incorporated but not merged in the parties' judgment of divorce.

After the divorce, the mental health of the child who was treating with the therapist (hereinafter the child) substantially deteriorated, and the child was twice hospitalized for in-patient psychiatric treatment. During the child's second hospitalization, the parties agreed to use the services of an educational consultant to find an appropriate therapeutic boarding school where

the child's high school education could continue while the child received the needed intensive psychiatric and substance abuse treatment. After two therapeutic boarding schools on the East Coast denied the child admission because they did not believe they could guarantee the child's safety in light of a possible prior suicide attempt, the educational consultant recommended that the child be enrolled in a therapeutic boarding school in Utah. Upon the child's release from the hospital, the mother enrolled the child in the recommended therapeutic boarding school. Shortly thereafter, the mother moved, inter alia, to enforce the provisions of the parties' stipulation of settlement by requiring the father to pay two-thirds of the costs incurred for the child to attend the therapeutic boarding school in Utah. The father opposed the motion, claiming that he had not agreed to the particular therapeutic boarding school where the child had been enrolled, and contending that he was not required to contribute to the costs of this facility because the stipulation of settlement only required him to pay two-thirds of the cost of the private school the child was attending at the time the stipulation was executed. The Supreme Court granted that branch of the mother's motion which was to enforce the provisions of the parties' stipulation by requiring the father to pay two-thirds of the costs incurred for the child to attend the therapeutic boarding school in Utah. We affirm.

Although the parties' stipulation only required the father to pay two-thirds of the child's educational costs at a specified private school, it is clear from the record that the overriding purpose of enrolling the child in the therapeutic boarding school in Utah was to provide the child with intensive psychiatric and substance abuse treatment in a residential setting. Thus, the cost of the therapeutic boarding school can properly be classified as a medical expense under the terms of the parties' stipulation, which expansively defines such expenses to include the cost of psychiatric treatment and "therapeutic expenses," and allows for treatment by new out-of-network providers upon consent of the parties (see Matter of Connolly v Connolly, 37 AD3d 717, 718 [2007]; Hanfling v Hanfling, 23 AD3d 433, 434 [2005]; Cohen-Davidson v Davidson, 291 AD2d 474, 475-476 [2002]). Contrary to the father's contention, there is also evidence in the record that he implicitly consented to the child's enrollment at the therapeutic boarding school in Utah where the child was placed (see Matter of Steinharter v Steinharter, 52 AD3d 613, 615 [2008]). In any event, even if the father did not consent to the enrollment, the provision of the stipulation which authorized treatment of the parties' children by a "new out-of-network provider" on consent of both parents also provided

that such consent was not to be unreasonably withheld. In view of the unsuccessful efforts to find a suitable therapeutic boarding school for the child on the East Coast which were outlined by the educational consultant, and the father's acknowledgment of the child's need for placement in a therapeutic boarding school, the withholding of his consent to the Utah facility would have been unreasonable (*cf. Matter of Susan A. v Louis C.*, 32 AD3d 682, 683 [2006]; *Matter of Klein v Klein*, 303 AD2d 405, 406 [2003]). Under these circumstances, the Supreme Court properly concluded that the stipulation required the father to pay two-thirds of the cost of the child's therapeutic boarding school.

Furthermore, in light of the fact that the stipulation expressly provides that "[a] residence at boarding school . . . is not to be deemed a residence away from the residence of the [mother]" which would suspend the father's child support obligation, the Supreme Court did not err in failing to credit the portion of the therapeutic boarding school's costs which could be attributable to room and board against his child support obligation (*see Matter of Dorcean v Longueira*, 44 AD3d 770 [2007]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.