Matter of Ning-Yen Y. v Karen K. (2022 NY Slip Op 07310)

Matter of Ning-Yen Y. v Karen K.

2022 NY Slip Op 07310

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Docket No. F-8065-19/20F Appeal No. 16965 Case No. 2022-02390 

[*1]In the Matter of Ning-Yen Y., Petitioner-Respondent,
v
Karen K., Respondent-Appellant.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Krauss Shaknes Tallentire & Messeri LLP, New York (Heidi A. Tallentire of counsel), for respondent.

Order, Family Court, New York County (Carol Goldstein, J.), entered on or about March 17, 2022, which, to the extent appealed from as limited by the briefs, denied respondent mother's objections to the part of a Support Magistrate's findings of fact that categorized expenses paid to a certain residential program as private school tuition and credited respondent father with a $5,000 payment for tuition, unanimously reversed, on the law and the facts, without costs, the objections granted and the matter remanded to Family Court for further proceedings consistent with this order.
The parties' parenting agreement provided that the children's educational costs were to be allocated 70% to the father and 30% to the mother, while unreimbursed, nonelective medical, therapeutic, and psychiatric expenses were to be allocated 92% to the father and 8% to the mother.
Under the circumstances present here, we conclude that it was an improvident exercise of discretion for Family Court to deny the mother's objection to the Support Magistrate's characterization of the residential treatment program in Idaho as an educational expense rather than a therapeutic expense. The evidence presented at the hearing demonstrates that the subject program did not offer classes or course credit, and the father does not dispute that the child took on-line courses and classes at a local high school from which he received his high school diploma. Moreover, the father's email to the mother and testimony made clear that the "overriding purpose of enrolling the child in the therapeutic boarding school . . . was to provide the child with intensive psychiatric and substance abuse treatment in a residential setting" (Gloria D. v John D., 78 AD3d 986, 988 [2d Dept 2010]). Accordingly, the expenses for the residential program are properly treated as medical or therapeutic, rather than educational, and the amount allocated to the mother for the expenses of this program must be recalculated at 8% rather than 30%.
In addition, the father did not provide any proof of payment of $5,000 toward the tuition for one of the child's schools, as required when seeking reimbursement of payments made to a third party for the child's expenses (see Matter of Barletta v Faden, 178 AD3d 918, 919 [2d Dept 2019]; Matter of McNair v Fenyn, 100 AD3d 903, 903-904 [2d Dept 2012]). The purported evidence, a ledger entry from the child's school indicating either a credit or a payment on December 20, 2019, does not constitute actual proof that the father paid this sum. Accordingly, the mother should not have been required to pay 30% of this $5,000 amount. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022